Joshua Trigsted
Oregon State Bar ID Number 06531
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD A. WOOD**, | Case No.: |
| Plaintiff, | **COMPLAINT;** |
| vs. | FAIR DEBT COLLECTION PRACTICES ACT (15 USC 1692) ; INVASION OF PRIVACY |
| **MANN BRACKEN, LLP**, | |
| Defendant | DEMAND FOR JURY TRIAL |

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA")

   (2) Invasion of Privacy by Intrusion upon Seclusion

**II. JURISDICTION**

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction

Complaint - 1

over the Oregon State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3. Plaintiff, Richard A. Wood ("Plaintiff"), is a natural person residing in Douglas County, Oregon.

4. Defendant, Mann Bracken, LLP, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§ 1692c(c));

   b) Threatening to take actions that are not actually intended to be taken, including setting a false 15 day deadline for filing suit and failing to file within a reasonable time after expiration of that deadline (§ 1692e(10)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed in paragraph 7, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed in paragraph 7, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed in paragraph 7, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed in paragraph 7, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

### COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. Plaintiff had a subjective expectation of privacy in the context of Defendant's actions that was objectively reasonable under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA

B. Actual damages pursuant to 15 USC 1692k and the Common Law of Oregon;

C. Statutory damages pursuant to 15 U.S.C. § 1692k and punitive damages pursuant the Common Law of Oregon.

D. Punitive Damages

E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Oregon; and,

F. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 5th day of May, 2009,

By: _____
Joshua Trigsted
Weisberg & Meyers, LLC
5025 North Central Ave. #602
Phoenix, AZ 85012
602 445-9819, ext. # 216
866 565 1327 facsimile
Attorney for Plaintiff